William Neal MOORE, Respondent, Cross-Petitioner,

v.

Charles BALKCOM, Warden, Arthur K. Bolton, Attorney General, Petitioners, Cross-Respondents.

No. 81–7418.

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1983.

Certiorari Denied March 5, 1984. See 104 S.Ct. 1456.

Charles E. Brown, George M. Weaver, Atlanta, Ga., for petitioners, cross-respondents.

Professor Daniel J. Givelber, Northeastern University School of Law, Professor Donald Berman, Boston, Mass., for respondent, cross-petitioners.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion September 30, 1983, 11th Cir.,
1983, 716 F.2d 1511).

Before HILL and HENDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

On petition for rehearing and suggestion for rehearing en banc, Respondent-Cross Petitioner William Neal Moore asserts that although the Supreme Court of Georgia considered all mitigating circumstances, the sentencing judge considered only Moore's having made true statements and having cooperated with officials. Moore also contends that the trial judge viewed the death sentence as mandatory in this case and did not understand that he possessed discretion to impose a life sentence.

In appraising these contentions, we have made a further complete review of the sentencing proceeding and add the following to Part III of our opinion, 716 F.2d 1511 (11th Cir.1983):

Judge McMillan properly considered all of the evidence in mitigation before exercising his discretion to impose death. The court listened carefully throughout the presentation of mitigation evidence, asking each witness questions, and concluding with each witness by asking whether he had anything further to say. Moore's relatives testified that Moore was a good boy who had never before been in any serious trouble. Moore testified at the sentencing hearing that he shot and killed the victim out of a combination of fright and intoxication. Then, the sentencing judge further noted as additional mitigating circumstances the fact of Moore's truthfulness and cooperation. Further-

more, Judge McMillan made it clear at the sentencing proceeding that he understood and accepted the mandate of Georgia law, as announced in *Coley v. State,* 231 Ga. 829, 204 S.E.2d 612 (1974), that he had discretion in sentencing. We are satisfied that the court considered all of the evidence offered in mitigation before imposing death and are satisfied that the court understood that it possessed discretion to impose a life sentence.

With these additional observations, the petition for rehearing is

DENIED.

No member of this panel nor judge in regular service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is

DENIED.