**Janet S. SCIVALLY,**
**Plaintiff-Appellant/Cross-Appellee,**

v.

**TIME INSURANCE COMPANY,**
**Defendant-Appellee/Cross-Appellant.**

Nos. 81–2002, 81–2123.

United States Court of Appeals,
Tenth Circuit.

Dec. 19, 1983.

Fielding D. Haas, Norman, Okl., for plaintiff-appellant/cross-appellee.

Alex Cheek and Noma D. Gurich of Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendant-appellee/cross-appellant.

Before SETH, Chief Judge, McKAY, Circuit Judge, and BRATTON, Chief District Judge.*

McKAY, Circuit Judge.

The State of Oklahoma has held that an insurance company can be held liable in tort for violating its implied duty of good faith and fair dealing with its insured. *Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okl.1978). The plaintiff in this diversity action appeals from a directed verdict entered against her claim for punitive damages under the *Christian* decision. The defendant cross-appeals a jury verdict for unreasonable delay in issuing a policy. This appeal was submitted on the briefs by stipulation of the parties.

On February 21, 1980, the plaintiff met with an insurance salesman to obtain health and accident insurance. She explained to the salesman that she already had insurance but thought it was inadequate and wanted to replace it. The salesman filled out an application form of the defendant insurance company on the basis of answers given by the plaintiff to the questions in the application. Because plaintiff's current policy would expire on March 16 unless renewed, she requested that the new policy take effect March 15, 1980. The plaintiff signed the application and wrote a check for the first month's premium. In return, the salesman gave the plaintiff the "conditional receipt" that was attached to the application. The receipt provided that the policy would become effective upon receipt of the policy by the insured or earlier if certain conditions were met.[1]

The following day the salesman sent the application and check to the defendant's general agent in Oklahoma because the salesman had no direct contact or contract with the insurance company. Subsequently, the general agent forwarded the application to the defendant's home office.

On March 15, 1980, the requested policy date, the plaintiff was injured when the car in which she was a passenger was hit by another car. The next day, March 16, 1980, she called the salesman to inform him she wanted to make a claim. Similarly, on March 17 she called the general agent to inform him of the accident.

The policy of insurance, however, was issued with an effective date of March 27,

---

* Honorable Howard C. Bratton, Chief United States District Judge, District of New Mexico, sitting by designation.

1. The conditions under which insurance ... may become effective prior to policy delivery, are as follows:

 1. The Proposed Insured(s) must be, on the Effective Date as hereafter defined, a risk acceptable to the Company under its rules, standards and practices for the exact policy and premium applied for, without any modification.
 2. The amount of the payment taken with the application must be equal to the amount of the full first premium according to the mode of premium payment selected.
 3. The policy is issued exactly as applied for within 60 days from the date of the application.

 If each and every one of the above conditions shall have been fulfilled, then insurance as provided by the terms and conditions of the policy applied for will become effective, prior to the policy delivery. The total amount of insurance (life insurance, accidental death benefits and principal sum benefits under health insurance) which may become effective prior to policy delivery shall not exceed $100,000.
 "Effective Date" as used herein:
  Means the later of (a) the date the application is signed, (b) the date of completion of all medical examinations, if required, and (c) the Requested Policy Date shown on the application, but for health insurance, not more than 10 days prior to the receipt of the application by the Company.
 If one or more of the conditions is not met, the liability of the Company will be limited to the return of the sum received.
 Record, vol. 2, plaintiff's exhibit 6.

1980. The defendant denied her claim for benefits for the March 15 accident claiming inter alia that no policy was in effect at the time of the accident.

The delay in the issuance of the policy can best be explained by tracking the application from the time it left the salesman's hands. The application was mailed to the general agent for Oklahoma on February 22. The general agent received the application that week and forwarded it to defendant's home office on February 27, 1980. The application was received by the home office on March 3 and was assigned to an underwriter; on March 7 the underwriter sent requests for information to two physicians that had treated the plaintiff concerning medical conditions listed on the application. On March 17, 1980, a reply from one of the two doctors was received. The following day a second request was sent to the doctor who had not yet replied. A response to that request was received on March 24. The application was again reviewed and a policy with two riders was issued with an effective date of March 27, 1980. Because the policy was issued with riders, the defendant said that the requirements of the conditional receipt were not met and the policy was not in force on March 15, the date of plaintiff's injury.

The complaint in this ensuing action set out two causes of action. The first alleged that the defendant was negligent in that there was an unreasonable delay in the acceptance or rejection of the application. The second cause of action sought punitive damages under the *Christian* case alleging that the defendant had denied the claim fraudulently and in bad faith. At the close of the defendant's evidence, the trial judge granted defendant's motion for directed verdict on the second cause of action and submitted only the first cause of action to the jury. The jury returned a verdict in favor of the plaintiff in the amount of $3,843.98 for negligent delay in issuing the policy.

The plaintiff appeals from the trial court's directed verdict on the second cause of action. The defendant in its cross-appeal claims that the judge erred by denying its motion for a directed verdict on the first cause of action or, in the alternative, there was insufficient evidence to support the jury's verdict.

On reviewing the record, we find that there was sufficient evidence to support the jury verdict for negligent delay in issuing the policy. The jury verdict on the first cause of action is affirmed.

In examining plaintiff's appeal, it is clear that the trial court based its decision to grant the motion for directed verdict on the grounds that *Christian* required a special burden of proof. Subsequent to the trial court's decision, the Oklahoma Supreme Court clarified its earlier decision in *Christian* holding that its language [2] was never intended to modify the usual standard of proof required in a civil case. *Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907, 913 (Okl.1982). Nevertheless, the trial court's decision will be affirmed if the record reveals another ground which supports the decision. *Lyles v. American Hoist & Derrick Co.,* 614 F.2d 691, 694 (10th Cir. 1980).

In *Christian,* the Oklahoma Supreme Court approved and adopted "the rule that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive damages may be sought." *Christian,* 577 P.2d at 904. The source of the implied duty is the contract between the insurer and the insured.

> [T]his duty, the breach of which sounds in both contract and tort, is imposed because "[t]here is an implied covenant of good faith and fair dealing in every contract [including insurance policies] that neither party will do anything which will injure the right of the other to receive benefits

2. The court in *Christian* stated that "tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *Christian,* 577 P.2d 899, 905.

of the agreement" .... It is manifest ... that in every insurance contract there is an implied covenant of good faith and fair dealing.... Accordingly, when the insurer unreasonably withholds payment of the claim of its insured, it is subject to liability in tort. *Id.* (quoting *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 484, 510 P.2d 1032, 1036 (1973)).

Consequently, if there is no contract—no policy of insurance—then there is no implied duty upon which to base the cause of action. The evidence presented at trial, including the conditional receipt, established as a matter of law that no contract was in existence.

As we understand Oklahoma law, the action for negligent delay in issuing a policy sounds in tort, not contract. The verdict on that issue would be inconsistent with an action for breach of an implied duty arising out of a policy negligently not issued. The trial court's directed verdict for the defendant on the second cause of action is affirmed.

AFFIRMED.