952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Claude Ray BROOKS, Petitioner-Appellant,
v.
Robert TANSY, Respondent-Appellee.
 No. 89-2235.
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1992.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Claude Ray Brooks appeals from an order of the United States District Court for the District of New Mexico dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] He raised the following issues in the district court: 1) petitioner's due process rights were violated when he was tried on an amended information for which no preliminary examination was held; and 2) trial counsel was ineffective because he did not object to the failure to hold a preliminary examination before the filing of the amended information. He attempted to raise the following additional issues in the district court: 3) petitioner's due process rights were violated because the evidence was insufficient to support the convictions on counts II through IV; 4) the prosecutor's closing argument deprived petitioner of due process and a fair trial; and 5) the charging and sentencing of petitioner as a habitual offender violated his constitutional rights. The district court concluded that issues three through five were not properly before the court and addressed only the first two issues. The court concluded that those two issues were meritless.
 
 
 3
 Petitioner argues on appeal that the district court should have addressed all five issues on the merits, and that it erred in concluding that the first two issues lacked merit. We affirm.
 
 
 4
 * In the early morning hours of August 7, 1983, petitioner attended a party at Chester Powell's residence. As the party was breaking up, petitioner allegedly waved a pistol at Powell, Patrick Blake, Alston Williams, James Ritchie, and Darrell Wiggins.
 
 
 5
 Petitioner was charged with five counts of assault with intent to commit a violent felony with use of a firearm, in violation of N.M.Stat.Ann. §§ 30-3-3, 31-18-16. The information alleged that petitioner assaulted Powell, Blake, Williams, Ritchie, and Wiggins with a firearm with intent to kill. A preliminary examination was held in connection with the filing of the original information.
 
 
 6
 In December 1983, the state filed an amended information changing the charges against petitioner to five counts of "[a]ggravated assault with a deadly weapon, to wit: a firearm," contrary to N.M.Stat.Ann. §§ 30-3-2(A), 31-18-16. No preliminary examination was held in connection with the filing of the amended information. Petitioner's counsel did not object to the failure to hold a second preliminary examination.
 
 
 7
 During trial, the court dismissed count V of the amended information charging petitioner with assaulting Darrell Wiggins with use of a firearm. Petitioner was convicted of the other four counts of aggravated assault with use of a firearm.
 
 
 8
 In January 1984, the state filed a supplemental criminal information charging petitioner with four counts of being a habitual offender under N.M.Stat.Ann. § 31-18-17, based on a 1975 conviction for robbery and the aggravated assault convictions at issue in this appeal. Petitioner was found to be a habitual offender, and a judgment was filed sentencing him to one additional year on each of the four counts, to run consecutively to the sentences on the underlying convictions.
 
 
 9
 Petitioner appealed to the New Mexico Court of Appeals, raising the following issues: sufficiency of the evidence as to counts II through IV, and prosecutorial misstatement of law during closing argument. The New Mexico Court of Appeals affirmed the conviction. State v. Brooks, No. 7640 (N.M.Ct.App. March 13, 1984). Petitioner apparently did not seek review in the state supreme court.
 
 
 10
 Thereafter, in March 1987, petitioner filed a petition for a writ of habeas corpus with the state trial court, raising two issues: lack of a preliminary examination before the filing of the amended charges, and ineffective assistance of counsel for failing to object to the lack of a preliminary examination. The petition was summarily dismissed on the grounds that
 
 
 11
 Petitioner is not entitled to relief as a matter of law. Petitioner has heretofore filed an Appeal and failed to include the allegations that he now claims in his Petition. He has failed to attach or annex documentation or exhibits to his Petition; these purported grounds should have been and could have been made part of his Appeal to the Court of Appeals.
 
 
 12
 Petitioner's convictions were affirmed by the Court of Appeals.... Grounds alleged in the Petition are not meritorious.
 
 
 13
 I R. doc. 12, ex. H. Petitioner failed to timely seek appellate review.
 
 
 14
 Sometime after the filing of the March 1987 state petition, petitioner filed a petition for a writ of habeas corpus with the United States District Court for the District of New Mexico. He was permitted to voluntarily dismiss the petition to further exhaust his state remedies. Brooks v. Kerby, Nos. CV 87-0630-SC and CV 87-0630-C.
 
 
 15
 Petitioner filed a second state habeas petition in July 1987, challenging the constitutionality of the habitual offender proceeding. The state trial court denied this petition on the grounds that "Defendant is not entitled to relief as a matter of law; that he has filed successive Writs; that his Petition does not have any merit and should be summarily dismissed." II R. unnumbered. Petitioner did not seek appellate review of this order.
 
 
 16
 Petitioner filed a third state habeas petition in November 1987, raising essentially the same issues raised in his March 1987 state habeas petition. The state trial court dismissed the petition on the grounds that petitioner was not entitled to relief as a matter of law, and the issues had been raised and denied in previous proceedings. Petitioner filed a timely petition for a writ of certiorari in the New Mexico Supreme Court to review the denial of the November 1987 petition, arguing only the preliminary examination issue.[2] The New Mexico Supreme Court denied review without explanation.[3]
 
 
 17
 Petitioner commenced the present federal habeas action in February 1988, initially raising the same five issues that are argued on appeal in this court. Petitioner, proceeding pro se, requested and was granted permission to file an amended petition that only raised the first two issues presented here. Counsel was then appointed. In petitioner's brief, counsel addressed all five issues raised in the original petition filed in this action even though counsel had not formally moved to amend the amended petition to include the three additional issues.[4]
 
 
 18
 The magistrate judge concluded that only the first two issues raised in this appeal were properly before the court, presumably because these were the only issues raised in the amended petition. The judge held that petitioner's claim that his due process rights were violated when he was tried on an amended information for which no preliminary examination was held was not a claim "in violation of the Constitution or laws or treaties of the United States[,] 28 U.S.C § 2254(a)," and therefore the federal district court lacked jurisdiction over that claim. The magistrate judge further concluded that petitioner's counsel was not ineffective for failing to object to the lack of a preliminary examination in connection with the filing of the amended information, and there was no reasonable probability that, but for the failure of counsel to object, the outcome would have been different. The magistrate judge recommended that the amended petition be dismissed with prejudice. The district court adopted the proposed findings and recommended disposition and dismissed the amended petition with prejudice.
 
 II
 
 19
 Petitioner first argues that his due process rights were violated because he was tried on an amended information for which no preliminary examination was held, in violation of N.M.R.Crim.P. 7(a) (now codified as SCRA 1986, Rule 5-204(A)), which permits amendment of an information "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced," and N.M. Const. art. II, § 14, which provides that every person accused of a felony by information shall have the benefit of a preliminary examination. He contends that once a state creates a right, such as that to a preliminary examination, the state cannot arbitrarily deprive an individual of that right. See Evitts v. Lucey, 469 U.S. 387, 400-01 (1985). More specifically, he argues that deprivation of the right to a preliminary examination, as established by the New Mexico Constitution, can amount to a denial of federal due process. See Silva v. Cox, 351 F.2d 61, 64 (10th Cir.1965) (right to a preliminary examination in New Mexico is guaranteed by Equal Protection Clause of Fourteenth Amendment because it is part of due process of the state), cert. denied, 383 U.S. 919 (1966).
 
 
 20
 Insofar as the question before us is an interpretation of state law, it is only relevant to whether petitioner's counsel was constitutionally ineffective. We have looked at the state cases and believe that there was no violation of state law here. See State v. Wesson, 493 P.2d 965, 966-67 (N.M.Ct.App.1972) (when an information charging under a general narcotic drug statute is amended to charge unlawful sale of marijuana under a more specific statute no second preliminary hearing is required).
 
 
 21
 As to the constitutional due process claim, attacks on the technical validity of indictments by a grand jury become harmless error and therefore moot and unreviewable after a jury has found a defendant guilty after trial. See United States v. Mechanik, 475 U.S. 66, 73 (1986); United States v. Taylor, 798 F.2d 1337, 1340 (10th Cir.1986). The alleged error before us with respect to an information would be governed by the same rule. Thus, assuming petitioner had a right to a second preliminary hearing, his conviction after trial made this error harmless.
 
 
 22
 We reject both petitioner's due process claim and his assertion that trial counsel was constitutionally ineffective for failing to object to the lack of a second preliminary examination.
 
 III
 
 23
 The district court did not address sufficiency of the evidence, prosecutorial misstatement of the law, or unconstitutionality of the habitual offender proceeding, concluding these issues were not properly before the court. It gave no further explanation for not addressing the issues.
 
 
 24
 Amendment of habeas corpus petitions is governed by the Federal Rules of Civil Procedure. Robinson v. Wade, 686 F.2d 298, 304 n. 11 (5th Cir.1982). Claims may be added after the filing of the pleadings by amendment under Fed.R.Civ.P. 15. Id. at 304. It is of no significance that petitioner presented the additional issues in his brief rather than by moving to amend his amended petition. "Attempts to raise new claims are governed by the rules of amendment, without regard to the characterization given the claims by the petitioner." Id. at 304 n. 11. Grant or denial of leave to amend is within the trial court's discretion. Id. at 304.
 
 
 25
 Robinson held that the district court did not abuse its discretion in refusing to permit amendment of a habeas petition to raise new issues where the issues were first raised after the magistrate submitted his proposed findings and conclusions and where the issues had not been exhausted in state court. Id.
 
 
 26
 The district court here did not explain why it would not amend the amended petition to include the three additional issues. A district court's decision will be affirmed "if the record reveals [a] ground which supports the decision." Scivally v. Time Ins. Co., 724 F.2d 101, 103 (10th Cir.1983). A district court may deny leave to amend a complaint on grounds of futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Moore v. Balkcom, 716 F.2d 1511, 1527 (11th Cir.), modified on other grounds, 722 F.2d 629 (11th Cir.1983), cert. denied, 465 U.S. 1084 (1984), upheld the district court's denial of a motion to amend a habeas petition on grounds of futility of the amendment after briefly reviewing the merits of the issue raised in the proposed amendment. We therefore briefly review the merits of the remaining three issues to determine whether the amendment would have been futile.
 
 IV
 
 27
 Petitioner argues that the evidence was insufficient to support the convictions on counts II through IV, the charges that petitioner pointed a gun at Alston Williams, Patrick Blake, and Chester Powell. In a challenge to a state criminal conviction under 28 U.S.C. § 2254, based on sufficiency of the evidence, the applicant is entitled to relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 28
 The elements at issue are: 1) petitioner pointed a firearm at the victim; and 2) this caused the victim to believe he was about to be shot. Petitioner argues that neither Williams, Blake, nor Powell testified that petitioner pointed a firearm directly at him or that he believed he was about to be shot.
 
 
 29
 There was evidence that petitioner was waving the gun in the direction of Blake and Powell, and each testified he was fearful for his life. Williams testified that petitioner waved a gun in Williams' face. Williams also thought petitioner was going to shoot him and was fearful for his life. This is sufficient to support the convictions. A challenge to the sufficiency of the evidence would be futile.
 
 V
 
 30
 As to the next issue, petitioner contends that part of the prosecutor's closing argument so grossly misstated the law as to deprive him of a fair trial. A federal court may not overturn a state criminal conviction due to a prosecutor's remark unless that remark "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). The remark must be viewed in the context of the record before the jury. United States v. Dickey, 736 F.2d 571, 596 (10th Cir.1984), cert. denied, 469 U.S. 1188 (1985). "[A] prosecutor is to be given 'considerable latitude' in responding to an argument raised by his opposing advocate." Id.
 
 
 31
 The prosecutor stated during rebuttal that in order to satisfy the second element of the offense, that the victim believed he was about to be shot, the state only needed to prove that the victim was fearful. This statement was in response to defense counsel's argument that the second element was not proven because none of the victims specifically testified he believed he was about to be shot. The state argued that the victims' testimony that they were fearful could only mean they believed they were going to be shot, given the context of the statements.
 
 
 32
 The prosecutor's view of whether certain evidence satisfied an element of the offense was not a misstatement of the law. The jury could reasonably infer from the victims' testimony that they were fearful because they believed they were about to be shot. We conclude a challenge to the prosecutor's remarks would be futile.
 
 VI
 
 33
 Finally, petitioner argues that the habitual offender proceeding violated his constitutional rights in the following respects: the supplemental criminal information did not charge a specific offense; he was not allowed to confront and cross-examine his accusers; he received a second sentence for the underlying charges; and his sentence was increased after he had begun serving it, in violation of the constitutional prohibition against double jeopardy.
 
 
 34
 A defendant must receive reasonable notice and an opportunity to be heard on a recidivist charge. Oyler v. Boles, 368 U.S. 448, 452 (1962). Petitioner received such notice in the form of the supplemental criminal information. A specific offense need not be charged, however, because the habitual criminal charge is not a separate offense. Id. Because the record does not support petitioner's claim that he was precluded from calling or cross-examining witnesses, we reject the contention.
 
 
 35
 The habitual offender proceeding does not produce a second sentence but rather an enhanced sentence. Linam v. Griffin, 685 F.2d 369, 375 (10th Cir.1982), cert. denied, 459 U.S. 1211 (1983). In addition, the fact that the sentence was enhanced after petitioner began serving it does not present a double jeopardy concern. In United States v. Earley, 816 F.2d 1428 (10th Cir.1987) (en banc), we noted: "Historically the courts have considered that the Double Jeopardy Clause imposes constitutional limitations on the time within which the district court has the power to alter a sentence." Id. at 1432. This circuit has traditionally adhered to a bright-line rule to address double jeopardy concerns, locating the point of constitutional finality for the sentencing process as coextensive with the sentencing court's jurisdiction over the individual convicted and sentenced. This point was frequently found to end when the defendant began serving his sentence. In United States v. DiFrancesco, 449 U.S. 117, 139 (1980), however, the Supreme Court indicated that the point should be when a defendant has a legitimate expectation that his sentence was final. Earley concluded, in light of DiFrancesco, that a defendant has no legitimate expectation that his sentence is final if a statute or rule extends the sentencing process. Absent such a statute or rule, however, the sentencing court's power stops "at the jailhouse door." 816 F.2d at 1434.
 
 
 36
 The habitual offender proceeding in this case is governed by N.M.Stat.Ann. § 31-18-20 which provides in part:
 
 
 37
 A. The court wherein a person has been convicted of a noncapital felony and where that person has been charged as a habitual offender ... shall bring the defendant before it, whether he is confined in prison or not....
 
 
 38
 ....
 
 
 39
 C. If the court finds that the defendant is the same person and that he was in fact convicted of the previous crime or crimes as charged, the court shall sentence him to the punishment as prescribed....
 
 
 40
 This section extends the sentencing court's authority to sentence a defendant as a habitual offender beyond the point at which he has started serving his sentence. Under the Earley analysis, the sentencing of petitioner as a habitual offender after he began serving his sentence on the underlying charges did not run afoul of the prohibition against double jeopardy. A challenge to the habitual offender proceeding would be futile.
 
 
 41
 The district court acted within its discretion in denying leave to amend the habeas petition a second time to include the third, fourth, and fifth issues. Such an amendment would have been futile.
 
 
 42
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We grant petitioner a certificate of probable cause. Fed.R.App.P. 22(b)
 
 
 [2]
 Review of a state district court's denial of a habeas petition is sought by filing a petition for a writ of certiorari with the New Mexico Supreme Court. SCRA 1986, 12-501
 
 
 [3]
 Petitioner filed a fourth state habeas petition in May 1988 raising issues not relevant to the present appeal. The state trial court denied the petition
 
 
 [4]
 Respondent moved to dismiss the amended petition on the ground that the two issues raised therein were waived in state court because they were not timely raised. The motion was denied on the grounds that failure to hold a preliminary examination on the amended information and ineffective assistance of counsel were nonwaivable issues, and the New Mexico Supreme Court's denial of certiorari represented a decision on the merits of these federal constitutional claims