982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clarence Dwight HINES, Plaintiff-Appellant,
v.
James R. WALLACE, Unit Manager of Mack Alford Correctional
Center; Kenneth Barton, Senior Case Manager of
Mack Alford Correctional Center,
Defendants-Appellees.
 No. 92-7032.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the appellant challenges the district court's order dismissing his § 1983 complaint against the appellees, the Unit Manager and Senior Case Manager of Mack Alford Correctional Center, where the appellant is currently incarcerated. The appellant filed his complaint in forma pauperis, alleging that the appellees violated his First and Eighth Amendment rights by 1) requiring him to work in the prison cafeteria on Sunday in violation of his religious beliefs,[1] 2) requiring him to perform tasks as part of his cafeteria job that were inconsistent with his medical condition,[2] and 3) threatening to retaliate against him when he requested a job transfer. The district court found each of the appellant's allegations to be frivolous and dismissed the appellant's complaint under 28 U.S.C. § 1915(d). We affirm in part and reverse in part.
 
 
 2
 The federal in forma pauperis statute is designed to ensure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, 28 U.S.C. § 1915(a) permits an indigent litigant to commence a civil or criminal suit without prepayment of fees or costs. See 28 U.S.C. § 1915(d). To prevent abusive litigation, however, 28 U.S.C. § 1915(d) allows an in forma pauperis suit to be dismissed if the suit is frivolous. See 28 U.S.C. § 1915(d). A suit is frivolous if "it lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325; Olson v. Hart, 965 F.2d 940, 942 n. 3 (10th Cir.1992). Since dismissal under § 1915(d) is discretionary, we review such a dismissal under an abuse of discretion standard. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 
 3
 The appellant's first claim is that the appellees violated his First Amendment rights by requiring him to work in the prison cafeteria on Sunday, contrary to his religious beliefs. It is well settled that prisoners have a right to pursue legitimately held religious beliefs. See Cruz v. Beto, 405 U.S. 319, 322 (1972); McKinney v. Maynard, 952 F.2d 350, 352 (10th Cir.1991). It is equally well settled, however, that prison regulations infringing on these rights are judged under a less restrictive standard than that ordinarily applied to regulations restricting the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Mosier v. Maynard, 937 F.2d 1521, 1525 (10th Cir.1991). Prison regulations restricting the free exercise of religion are proper so long as they are reasonably related to legitimate penological interests. Shabazz 482 U.S. at 349; LaFevers v. Saffle, 936 F.2d 1117, 1119 (10th Cir.1991). The factors to be considered in making this reasonableness determination include 1) the connection between the challenged activity and the asserted penological interest, 2) the availability to the prisoner of alternative means of exercising his rights, 3) the impact of accommodation on prison resources and routine, and 4) the existence of easy alternatives to the challenged action. Turner v. Safley, 482 U.S. 78, 89-90 (1987).
 
 
 4
 In this case, the district court found the appellant's First Amendment claim to be frivolous on the grounds that extensive alternatives were available to the appellant for exercising his religious beliefs.[3] The district court read the appellant's claim as challenging his job assignment because it prevented him from attending Sunday worship services. Relying on the Martinez report filed by the Department of Corrections, the district court found that alternative worship services were available to the appellant throughout the week. On this basis, the district court concluded that the appellant's claim failed to allege any significant infringement of his First Amendment right to the free exercise of religion.
 
 
 5
 We believe the district court's reading of the appellant's complaint was in error. Construing the appellant's pro se complaint broadly, see Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991), we read the complaint to allege that the appellant's work assignment prevented him from treating Sunday as a day of rest, not just that it prevented him from attending Sunday worship services. The appellant states several times in his complaint that his religious beliefs prevent him from working on Sunday, see Appellant's Complaint at 2(a); nowhere does the complaint make any mention of worship services. Furthermore, the appellant explicitly stated in his letter to the appellees requesting a job transfer that his assignment in the cafeteria prevented him from treating Sunday as the "Sabbath day." See Appendix to Appellant's Brief.
 
 
 6
 Given our reading of the appellant's allegations, we find that the presence of alternative worship services is not sufficient, by itself, to render appellant's claim frivolous. Unless the alternatives available to a prisoner for expressing his religious beliefs fully substitute for the alleged impingement on his freedom of religion, the existence of alternatives is but one of the factors to be considered under Turner in determining whether a given activity violates a prisoner's First Amendment rights. See Shabazz, 482 U.S. at 350-53 (treating the ability of Muslim prisoners to participate in other religious observances as but one factor supporting a restriction on the right of prisoners to attend Jumu'ah services). In this case, we cannot say that the ability to attend worship services during the week fully compensates the appellant for his inability to treat Sunday as a day of rest. Consequently, we hold that the district court abused its discretion by dismissing the appellant's claim under § 1915(d) solely on the basis of the alternative worship services available to the appellant, and remand this claim to permit the district court to reassess its finding of frivolousness in light of all four Turner factors. Cf. McKinney, 952 F.2d at 353-54 (reversing dismissal of prisoner's First Amendment claim under § 1915(d) and remanding for Turner analysis). We leave it to the district court to decide whether the Martinez report permits the court to properly analyze the appellant's complaint under the Turner framework or whether further responsive pleadings are in order.[4]
 
 
 7
 The appellant's second claim is that the appellees violated his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to perform tasks that were inconsistent with his medical condition. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). Failure to attend to a prisoner's medical needs, whether the result of prison guards denying access to medical care or intentionally interfering with the treatment once prescribed, may violate this prohibition if it amounts to "deliberate indifference." Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 8
 In this case, the appellant has failed to supply any factual allegations indicating that the appellees acted with deliberate indifference toward his medical condition. Indeed, the Martinez report reveals that the appellees spoke to the Correctional Center's Health Administrator before assigning the appellant to the cafeteria and that the Health Administrator specifically endorsed this assignment as consistent with the appellant's medical condition.[5] See Affidavit of Kenneth J. Barton; Affidavit of James R. Wallace. Thus, as the district court concluded, the appellant's allegations suggest little more than a disagreement with the appellees over his relative degree of fitness. Such a disagreement, without more, does not give rise to a cause of action for cruel and unusual punishment. Reed v. Dunham, 893 F.2d 285, 287 (10th Cir.1990); McCracken v. Jones, 562 F.2d 22, 25 (10th Cir.1977), Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir.1968). Therefore, the district court properly dismissed the appellant's claim as frivolous.
 
 
 9
 The appellant's third claim is that the appellees violated his Eighth Amendment right to be free from cruel and unusual punishment by threatening to retaliate against him for complaining about his work assignment in the cafeteria. The district court dismissed this claim under Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981), which holds that conclusory allegations are legally insufficient to sustain a constitutional claim under § 1983.
 
 
 10
 We believe the district court's reliance on Wise constituted an abuse of discretion. First, the appellant's complaint in this case articulates with great specificity the nature of the appellee's retaliatory threats. The appellant charges that the appellees threatened to put him in solitary confinement, to place him in a higher security correctional facility, and to charge him with a prison infraction and take away his good time credits. See Appellant's Complaint at 2-2(a). As a result of these threats, the appellant seeks both damages and injunctive relief. Second, Wise 's requirement of specificity must be tempered in cases where the litigant is proceeding pro se. A stringent application of Wise to pro se complaints would violate the requirement that these complaints be construed broadly. See Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991). In light of these two considerations, we believe the appellant's complaint clearly satisfies Wise 's requirement of specificity.
 
 
 11
 Even though we believe the district court erred by dismissing the appellant's retaliation claim under Wise, we nonetheless find that the appellant's claim is frivolous. In this case, the appellant does not allege that the appellees actually retaliated against him, but only that they threatened to retaliate against him. Not every threat by a prison guard amounts to a constitutional violation, however. Maintaining order and discipline in the prison context is not an antiseptic or particularly genteel process and wide latitude is therefore allowed to prison personnel in the use of verbal communications with prisoners. See Collins v. Cundy, 603 F.2d 825 (10th Cir.1979); Boston v. Stanton, 450 F.Supp. 1049, 1055-56 (W.D.Mo.1978). Here, the retaliatory threats alleged by the appellant, though specific, are legally insufficient to state a claim under the Eighth Amendment. Consequently, we believe the appellant's claim of retaliation was properly dismissed under § 1915(d).[6]
 
 
 12
 The judgment of the district court is AFFIRMED with respect to the appellant's Eighth Amendment claims. The judgment of the district court is REVERSED with respect to the appellant's First Amendment claim and this claim is REMANDED to the district court for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appellant claimed that he was an adherent to the Baptist religion which required him to treat Sunday as a day of rest
 
 
 [2]
 The appellant was diagnosed by a physician's assistant at the Correctional Center as having a bad back which prevented him from performing any job requiring prolonged standing, heavy lifting, or bending
 
 
 [3]
 The district court did not question the sincerity of the appellant's religious beliefs, and we find no basis for doing so. While the Martinez report suggested that the appellant's beliefs were insincere because many Baptists do not believe that work is prohibited on Sunday, it is well established that a belief may not be considered insincere merely because all members of a given faith do not share that belief. See Thomas v. Review Board of Indiana Employment Security Div., 450 U.S. 707, 715-16 (1981); LaFevers v. Saffle, 936 F.2d at 1119
 
 
 [4]
 Although it appears from the Martinez report that the appellant has been transferred to a new job, see Affidavit of James R. Wallace, we do not believe this fact, even if accurate, moots the appellant's First Amendment claim. First, the appellant is claiming monetary as well as injunctive relief. Second, the report does not indicate whether the appellant's new job still requires him to work on Sunday
 
 
 [5]
 Although the Martinez report may not be used to resolve bona fide factual disputes, a court may rely on the Martinez report in dismissing a claim pursuant to § 1915(d) when the report's factual allegations do not contradict any of the plaintiff's factual allegations. Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir.1991)
 
 
 [6]
 Although the district court did not reach the issue of whether retaliatory threats give rise to a cause of action for cruel and unusual punishment, we can affirm the district court on any grounds that find support in the record, In Re Slack-Horner Foundries Co., 971 F.2d 577, 580 (10th Cir.1992); Scivally v. Time Ins. Co., 724 F.2d 101, 103 (10th Cir.1983), even where the lower court's conclusions were based on an erroneous course of reasoning, Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988)