996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe T. BELL, Plaintiff-Appellant,
v.
MIDWEST CITY POLICE DEPARTMENT; Rick Favors, Officer; and
William R. Jenkins, Jailor, Defendants-Appellees.
 No. 93-6045.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the appellant, Joe T. Bell, challenges the district court's order dismissing his § 1983 complaint against the appellees, Midwest City Police Department, Midwest City Police Officer Rick Favors, and Midwest City Jailor William Jenkins, for failure to state a claim. In his complaint, Bell alleged that the appellees had violated his constitutional rights by 1) using excessive force during his arrest, 2) denying him medical treatment, and 3) subjecting him to unsanitary conditions of confinement. We affirm.[1]
 
 
 2
 An appellate court reviews the sufficiency of a complaint de novo. Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989). A complaint is insufficient if, accepting the allegations as true, it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Jacobs, Visconi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). In analyzing whether the plaintiff has failed to state a claim, the plaintiff's allegations must be viewed in the light most favorable to the plaintiff. Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991).
 
 
 3
 To state a claim under § 1983, a plaintiff must allege misconduct that is "so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions." Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981). Conclusory allegations of misconduct are not sufficient; rather, the plaintiff must identify the nature of the alleged deprivation with specificity. Id.
 
 
 4
 In this case, Bell asserts that the appellees violated his constitutional rights in three respects. First, Bell contends that Officer Favor used excessive force during the course of his arrest. According to Bell, his arm was "bent ... behind him" and then "push[ed] upward," causing severe pain in his arm and a numbing of his hand.
 
 
 5
 A police officer's use of force during an arrest is governed by the Fourth Amendment. See Graham v. Conner, 490 U.S. 386, 395 (1989); Frohmader v. Wayne, 958 F.2d 1024, 1026 (10th Cir.1992).[2] This amendment requires a police officer's use of force to be objectively reasonable in light of the surrounding circumstances. See Graham, 490 U.S. at 396 (1989). These circumstances include 1) "the severity of the crime at issue," 2) "whether the suspect poses an immediate threat to the safety of the officers," and 3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.
 
 
 6
 Applying this standard to the instant case, we conclude that Bell has failed to allege any Fourth Amendment violation. Bell was arrested for kidnapping, assault with a deadly weapon, and rape in the first degree. Furthermore, it is undisputed that he was dragging his victim across a parking lot at the time he was apprehended by Favors. Under these circumstances, we do not believe it can be said that Favors' alleged twisting of Bell's arm in the course of effectuating Bell's arrest constituted an objectively unreasonable use of force.[3]
 
 
 7
 Bell's second claim is that he was denied access to medical care. Bell alleges that he requested and was refused medical care for his arm, following his arrest, and for his head and back, after he fell out of his bunk while incarcerated at the Midwest County jail prior to trial. Not until he was transferred from the Midwest City jail to the Oklahoma County jail, Bell contends, did he receive medical attention for his injuries.
 
 
 8
 The denial of medical care to a pretrial detainee is governed by the Fourteenth Amendment due process clause. Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir.1985).[4] This clause protects pretrial detainees against deliberate indifference to their serious medical needs. Id. In the instant case, Bell has failed to provide anything more than conclusory allegations that his arrest and subsequent fall from his bunk resulted in serious injury. He has not alleged any broken bones, bruises, or bleeding. While he contends that he was eventually prescribed pain medication for his injuries when he was examined at the Oklahoma County jail, this allegation, by itself, does not establish the serious nature of Bell's injuries. Given Bell's failure to allege any serious injury with specificity, the fact that he was denied medical treatment is not sufficient to establish a due process violation.
 
 
 9
 Bell's final claim is that he was subjected to unsanitary conditions of confinement while incarcerated at the Midwest County Jail prior to trial. The crux of Bell's allegation is that he was placed in solitary confinement for eight days during which time he was not permitted to shower.
 
 
 10
 A pretrial detainee's condition of confinement is governed by the Fourteenth Amendment due process clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1978).[5] This clause prohibits a pretrial detainee from being subjected to conditions which "amount to punishment or otherwise violate the Constitution." Id. at 537. In the instant case, we do not believe the failure to provide Bell with a shower for eight days amounted to punishment. It is undisputed that Bell never demanded a shower during this time, was regularly provided with hygiene items and a towel, and was denied access to a shower only as an incident to his temporary placement in solitary confinement, as a result of an overcrowding problem at the jail. Under these circumstances, Bell's allegation that he was denied a shower for an eight-day period, without more, fails to state a due process violation. See id. at 541 (double-bunking of pretrial detainees did not violate due process); cf. Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir.) (limiting prisoners in administrative segregation to one shower per week does not constitute cruel and unusual punishment), cert. denied, 488 U.S. 908 (1988).
 
 
 11
 Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The plaintiff's motion to proceed in forma pauperis is granted
 
 
 [2]
 Bell only challenges Favor's conduct under the Eighth Amendment. Since Bell is proceeding pro se, however, we will broadly construe his complaint as raising a Fourth Amendment claim. See Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991)
 
 
 [3]
 Like Bell, both the district court and the magistrate failed to analyze Favor's conduct under the Fourth Amendment's objective reasonableness standard. Given our conclusion that Bell has failed to state a claim even under the Fourth Amendment, however, we do not believe this error requires us to reverse. We may affirm the district court on any grounds that find reasonable support in the record, In Re Slack Horner Foundries Co., 971 F.2d 577, 580 (10th Cir.1992); Scivally v. Time Ins. Co., 724 F.2d 101, 103 (10th Cir.1983), even where the lower court's conclusions were based on an erroneous course of reasoning, Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988)
 
 
 [4]
 Once again, Bell alleges only that the denial of medical care violated his Eighth Amendment rights. As before, however, we broadly construe Bell's pro se complaint as raising a Fourteenth Amendment due process claim. See Hall, 935 F.2d at 1110
 
 
 [5]
 Yet again, Bell raises only an Eighth Amendment challenge which we nevertheless broadly construe as raising a Fourteenth Amendment due process claim as well