16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy J. RICHEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1375.
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Richey appeals the grant of summary judgment. We affirm.
 
 
 3
 The essential facts are undisputed. Mr. Richey was a federal prisoner. While incarcerated, Mr. Richey was placed in administrative detention for his own protection due to threats against his safety from other inmates. While in administrative detention, Mr. Richey was allegedly raped by his cellmate. Mr. Richey claims he was infected with the HIV virus as a result of this rape and is presently developing early symptoms of AIDS. Mr. Richey sought relief under the Federal Tort Claims Act.
 
 
 4
 The Government moved for summary judgment contending it was shielded from liability by virtue of the discretionary function exception to the Federal Tort Claims Act as contained in 28 U.S.C. 2680(a). The district court agreed stating in part:
 
 
 5
 It would be impossible for prison officials to prevent all injuries to all prisoners. However, when prison officials have reason to believe that a potentially dangerous situation exists with respect to an individual prisoner, those officials have a duty to exercise ordinary diligence in protecting that prisoner. There are numerous procedures which prison officials may use to offer protection to an individual prisoner and prison officials are best qualified to determine which procedure is most appropriate for any given circumstance. Because prison officials exercise discretion in determining how best to protect prisoners, their decisions cannot form the basis of an FTCA claim.
 
 
 6
 We review the grant of summary judgment de novo applying "the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1228, 1241 (10th Cir.1990).
 
 
 7
 We affirm the judgment of the district court on different grounds. See Scivally v. Time Ins. Co., 724 F.2d 101, 103 (10th Cir.1983) (trial court will be affirmed if record reveals alternative ground which supports the decision). Assuming arguendo the discretionary function exception does not apply, the facts fail to show the Government breached its duty of care owed to Mr. Richey.
 
 
 8
 The Government owes a duty to exercise ordinary diligence to protect federal inmates from injury. However, injury alone does not prove a breach of this duty.
 
 
 9
 When a party moves for summary judgment with supporting affidavits, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading but must set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The burden is on the nonmovant who must present affirmative evidence in order to defeat the motion for summary judgment. Id.
 
 
 10
 Mr. Richey's sole response to the Government's affidavits and exhibits was an affidavit which stated he was a victim of nonconsensual sexual assault. This is insufficient to show a breach of the duty owed to him. Mr. Richey had the burden to produce facts showing a breach of the duty and this Mr. Richey failed to do. The district court properly entered summary judgment for the Government.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470