936 F.2d 1117
 Loyd W. LaFEVERS, Plaintiff-Appellant,
v.
James L. SAFFLE, Warden; Agents and Employees of Warden
Saffle; Rita Andrews, Deputy Warden, O.S.P.; Linda Morgan,
Administrative Officer, O.S.P.; John H. Marsh, M.D., Chief
Staff Physician, O.S.P.; Harry Reading, Unit Manager,
O.S.P.; Fred Cook, Unit Manager, O.S.P.; Lt. J.E.
Hollingsworth, Acting Unit Manager, O.S.P.; Bill
Desilvestro, Food Service Administrator/Supervisor, O.S.P.;
Gary D. Maynard, Director, Oklahoma Department of
Corrections; Jerry Johnson, Deputy Director, Oklahoma
Department of Corrections; David Lankford, Dietary Services
Administrator, O.S.P.; and Jack Hawkins, Chaplin, O.S.P.,
Defendants-Appellees.
 No. 90-7088.
 United States Court of Appeals,
Tenth Circuit.
 June 21, 1991.
 
 Loyd W. LaFevers, appellant pro se.
 Robert H. Henry, Atty. Gen. of Oklahoma and Gay Abston Tudor, Asst. Atty. Gen., Oklahoma City, Okl., for defendants-appellees.
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, an inmate of the Oklahoma State Penitentiary at McAlester, Oklahoma, appeals the dismissal of his pro se complaint brought pursuant to 42 U.S.C. Sec. 1983 (1988). Plaintiff alleged that his First, Eighth, and Fourteenth Amendment rights are being violated due to appellees' refusal to provide him with a vegetarian diet. Plaintiff's complaint stated that the prison policy denies him his right to the free exercise of religion under the First Amendment because it impermissibly infringes on his religious beliefs and practices as a Seventh Day Adventist. He also contends that denying him a vegetarian diet constitutes cruel and unusual punishment under the Eighth Amendment. Plaintiff's final argument is that appellees' policy denies him equal protection of the laws because the Oklahoma Department of Corrections permits special religious diets for members of other religions.
 
 
 3
 The district court dismissed plaintiff's complaint pursuant to 28 U.S.C. Sec. 1915(d) (1988) after determining that it lacked an arguable basis either in law or fact. The court concluded that the prison's refusal to provide a vegetarian diet to Seventh Day Adventists was reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). Specifically, the court determined that the dietary policy is reasonably related to the prison's interest in avoiding health problems caused by nutritional deficiency from a vegetarian diet and in avoiding potential medical liability if inmates were to become nutritionally deficient. LaFevers v. Saffle, Order at 2-4 (Dec. 5, 1990, E.D.Okl.).*
 
 
 4
 The district court also concluded that plaintiff's equal protection argument was without merit because a vegetarian diet is recommended but not required by the Seventh Day Adventist Church. By contrast, the prison's policy of offering a non-pork diet for Muslim inmates was based on the fact that such a diet is a necessary and fundamental part of the Muslim faith. Id. at 4. Finally, the court dismissed plaintiff's Eighth Amendment claim because the prison policy did not constitute harsh and extreme conditions of imprisonment which offend contemporary standards of decency. See Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).
 
 
 5
 Although pro se complaints are construed liberally, they are dismissed under section 1915(d) if plaintiff cannot make a rational argument on the law and facts in support of his claim. Because section 1915(d) dismissals are within the discretion of the district court, we must determine if the court abused its discretion in dismissing plaintiff's complaint. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 I.
 
 6
 We begin our discussion by noting general principles applicable to the issues raised in this appeal. Prisoners retain constitutional rights, Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979), including the right to freedom of religion. See Cruz v. Beto, 405 U.S. 319, 322-23, 92 S.Ct. 1079, 1081-82, 31 L.Ed.2d 263 (1972). Incarceration, however, involves the limitation of many rights due to considerations underlying our penal system. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987); Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). A prison regulation which burdens an inmate's constitutional rights is valid if the regulation is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).
 
 A.
 
 7
 In order to evaluate an inmate's claim that a prison policy impermissibly infringes on a constitutionally protected religious freedom, the trier of fact must determine if the prisoner is sincere in his or her religious beliefs. See Frazee v. Illinois Dept. of Employment Security, 489 U.S. 829, 832-33, 109 S.Ct. 1514, 1517, 103 L.Ed.2d 914 (1989); Thomas v. Review Bd. of Indiana Employment Security Div., 450 U.S. 707, 716, 101 S.Ct. 1425, 1431, 67 L.Ed.2d 624 (1981); Martinelli v. Dugger, 817 F.2d 1499, 1503 (11th Cir.1987), cert. denied, 484 U.S. 1012, 108 S.Ct. 714, 98 L.Ed.2d 664 (1988). The district court dismissed plaintiff's complaint, in part, because the Seventh Day Adventist faith does not require its followers to eat a vegetarian diet. Plaintiff submitted evidence, however, stating that one-half of Seventh Day Adventists are vegetarians, and that a vegetarian diet is highly recommended by the Church. Record, Doc. 18, Attachment B.
 
 
 8
 Differing beliefs and practices are not uncommon among followers of a particular creed. Thomas, 450 U.S. at 715, 101 S.Ct. at 1430. Moreover, the guarantees of the First Amendment are not limited to beliefs shared by all members of a religious sect. Id. at 715-16, 101 S.Ct. at 1430-31. Instead, plaintiff is entitled to invoke First Amendment protection if his religious beliefs are sincerely held. Frazee, 489 U.S. at 833, 109 S.Ct. at 1517 (characterizing Thomas, 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981), as rejecting argument that plaintiff's sincere religious belief that he could not work on armaments was protected under the First Amendment unless the religion at issue formally forbade work on armaments); Fowler v. Rhode Island, 345 U.S. 67, 70, 73 S.Ct. 526, 527, 97 L.Ed. 828 (1953) ("[I]t is no business of courts to say that what is a religious practice or activity for one group is not religion under the protection of the First Amendment."). Furthermore, an individual's genuine and sincere belief in religious dietary practices warrants constitutional protection. See Martinelli, 817 F.2d at 1504-05.
 
 
 9
 Therefore, if plaintiff's religious beliefs are sincerely held, he is entitled to First Amendment protection regardless of whether the Seventh Day Adventist Church requires that its members maintain a vegetarian diet. Plaintiff has presented adequate allegations that he is sincere in his religious beliefs. We conclude that the district court abused its discretion in dismissing plaintiff's complaint to the extent it based its decision on the fact that a vegetarian diet is not required by the Seventh Day Adventist Church.
 
 B.
 
 10
 Having determined that plaintiff's complaint presents an arguable basis for the position that his religious convictions are constitutionally protected, we must decide whether the district court correctly determined that the dietary policy is reasonably related to legitimate penological purposes. Appellees justified the dietary regulation on the basis of potential health and liability problems. Appellees offered a letter from the Administrator of Dietary Services for the Oklahoma Department of Corrections stating that vegetarian diets are "not reccomended [sic] to be prescribed from a medical viewpoint." Record, Doc. 7, Attachment Q. The warden where plaintiff is confined stated in an affidavit that a vegetarian diet is not healthy and could result in nutritional deficiencies, and that the Department of Corrections Dietetic Services would not prepare a vegetarian menu due to possible medical liabilities. Id., Attachment R.
 
 
 11
 In response, plaintiff submitted a position paper from the American Dietetic Association stating that "vegetarian diets are healthful and nutritionally adequate when appropriately planned." Record, Doc. 18, Attachment L. Plaintiff also submitted a letter from a faculty member at Loma Linda University stating that "[t]he scientific evidence that a wisely chosen vegetarian diet is as satisfactory, if not more satisfactory, than a diet containing flesh foods, is widely accepted today." Id., Attachment H.
 
 
 12
 Plaintiff has presented evidence that would allow a factfinder to conclude that the basis of the prison's dietary policy is unfounded and that, therefore, it is not reasonably related to the legitimate penological interests of providing a healthy diet and of avoiding medical liabilities. We conclude that the district court abused its discretion in dismissing plaintiff's First Amendment argument.
 
 II.
 
 13
 The district court's dismissal of plaintiff's equal protection argument was based on its determination that a vegetarian diet is not a necessary and fundamental part of the Seventh Day Adventist faith. As we stated previously, whether plaintiff's religious belief's warrant First Amendment protection depends on whether his convictions are sincere, not on whether the Seventh Day Adventist Church formally requires a vegetarian diet for its members. The district court, therefore, relied on an impermissible justification for its dismissal. In so doing, the court abused its discretion in dismissing plaintiff's equal protection argument.
 
 III.
 
 14
 Plaintiff also contends that the district court abused its discretion in dismissing his claim that the dietary policy constitutes cruel and unusual punishment under the Eighth Amendment. In Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Supreme Court stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." Id. at 347, 101 S.Ct. at 2399. The conditions are to be measured by contemporary societal standards of decency. Id.; Gillihan v. Shillinger, 872 F.2d 935, 940 (10th Cir.1989).
 
 
 15
 Applying the standard set forth in Rhodes, the district court concluded that "the mere denial of a requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim." LaFevers v. Saffle, Order at 5 (Dec. 5, 1990, D.Colo.). We agree. Although plaintiff may be unable to obtain the diet of his choice, he is given extra servings of vegetables when they are available, is provided with food when the prison menu does not include vegetables, and is given three meals each day. Record, Doc. 7. The district court did not abuse its discretion in concluding that the dietary policy does not constitute cruel and unusual punishment.
 
 IV.
 
 16
 This matter is also before the court on appellant's motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, appellant must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. Sec. 1915(a); Coppedge v. United States, 369 U.S. 438, 443-44, 82 S.Ct. 917, 920, 8 L.Ed.2d 21 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir.1962).
 
 
 17
 We conclude that appellant can make a rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is granted.
 
 
 18
 The district court's order is REVERSED on plaintiff's First and Fourteenth Amendment arguments and AFFIRMED on plaintiff's Eighth Amendment argument. The case is REMANDED for further proceedings consistent with this opinion.
 
 
 19
 The mandate shall issue forthwith.
 
 
 
 *
 Appellees did not justify the dietary regulation on the basis of cost, staffing, security, or administrative burdens. Instead, the rationale for the policy was limited to health and liability concerns