25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald E. EWING, Plaintiff-Appellant,
v.
WYANDOTTE COUNTY DETENTION CENTER, Defendant-Appellee.
Donald E. EWING, Plaintiff-Appellant,
v.
CITY OF KANSAS CITY, KANSAS; Kansas City, Kansas, Police
Department; Wyandotte County, Kansas, Defendants-Appellees,
Donald E. EWING, Plaintiff-Appellant,
v.
WYANDOTTE COUNTY, KANSAS; Wyandotte County Detention
Center, Defendants-Appellees.
Donald E. EWING, Plaintiff-Appellant,
v.
JOHNSON COUNTY ADULT DETENTION CENTER OF KANSAS, Defendant-Appellee.
 Nos. 93-3052, 93-3055, 93-3078, 93-3111.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge. Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Donald E. Ewing filed separate civil rights complaints under 42 U.S.C.1983 against the City of Kansas City, Kansas, the Kansas City Police Department, Wyandotte County, Kansas, and Johnson County Adult Detention Center of Kansas. The district court dismissed all of plaintiff's complaints under 28 U.S.C.1915(d) before service of process. We consolidate these appeals on our own motion, Fed. R.App. P. 3(b), and affirm.
 
 
 4
 We review a district court's dismissal of a complaint as frivolous under 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
 
 Case No. 93-3052
 
 5
 In this case, plaintiff claims that while incarcerated in Wyandotte County Detention Center he was denied adequate heat during periods of time in 1990, 1992, and 1993. The district court dismissed plaintiff's complaint pursuant to 1915(d) as lacking in sufficient information to warrant further proceedings. In addition, the court noted that plaintiff's complaints regarding the conditions of his confinement were adequately covered by the class action (Woodson v. Sully, Case No. 85-3049-S) brought by all inmates at the detention center and judicially supervised during the 1990 to 1993 period of time. See Woodson v. Sully, 801 F.Supp. 466 (D. Kan.1992); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991)(holding that individual suits for injunctive and equitable relief from alleged unconstitutional conditions of confinement cannot be maintained where a class action exists).
 
 
 6
 The court has the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). An in forma pauperis action also may be dismissed under 1915(d) if the claims therein are "based on an indisputably meritless legal theory." Id. We have read plaintiff's brief and the record, and we conclude that the district court's dismissal pursuant to 1915(d) was proper.
 
 Case No. 93-3055
 
 7
 In this case, plaintiff claims misconduct by the Kansas City, Kansas police department. The district court dismissed plaintiff's claims as without factual or legal support. See Neitzke, 490 U.S. at 327.
 
 
 8
 The court can dismiss a complaint as frivolous under 1915(d) "if plaintiff cannot make a rational argument on the law and facts in support of his claim." LaFevers v. Saffle, 936 F.2d 1117, 1118 (10th Cir.1991). Even construing plaintiff's complaint liberally, see Haines, 404 U.S. at 520-21, it contains no more than conclusory, unsupported allegations. "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981).
 
 
 9
 Accordingly, we hold that the district court's dismissal of plaintiff's claims under 1915(d) was appropriate.
 
 Case No. 93-3078
 
 10
 In this case, plaintiff again seeks damages for conditions of confinement and alleged events which occurred while he was incarcerated at Wyandotte County Detention Center. Although the district court did not specifically state that the dismissal was pursuant to 1915(d), because "plaintiff cannot make a rational argument on the law and facts in support of his claim," LaFevers, 936 F.2d at 1118, and because of the district court's decision in case No. 93-3052, we conclude that it was the intent of the district court to rely on 1915(d).
 
 
 11
 As discussed above, even in the event it could be found that plaintiff's claims were not factually frivolous and legally insufficient, his allegations were adequately represented in the class action brought by the inmates of the detention center, which was still under judicial supervision at the time plaintiff claims these events occurred. See generally Woodson, 801 F.Supp. 466. Accordingly, the dismissal of plaintiff's complaint in this case was appropriate.
 
 Case No. 93-3111
 
 12
 Plaintiff filed this 1983 action, complaining of civil rights violations in connection with his subsequent incarceration at the Johnson County Adult Detention Center. Plaintiff continues to complain that he is being housed without heat.
 
 
 13
 The district court found plaintiff's claims to be broad and conclusory, and therefore dismissed the complaint sua sponte under 1915(d) as frivolous and malicious. See Neitzke, 490 U.S. at 327-28; Hall, 935 F.2d at 1108. Our review of the record does not reveal any reason to question or disturb the district court's conclusion.
 
 
 14
 These judgments of the United States District Court for the District of Kansas are AFFIRMED. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation