46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert R. GARDNER and James F. Foli, Plaintiffs-Appellants,
v.
Norman H. BANGERTER, Governor; R. Paul Van Dam, Attorney
General for State of Utah; Lorenzo K. Miller, Assistant
Attorney General for State of Utah; Frank G. Noel, Judge,
Third Judicial District Court for State of Utah; and State
of Utah, Defendants-Appellees.
 No. 94-4116.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Appellants appeal the dismissal as frivolous under 28 U.S.C.1915(d) of their civil rights damage claim under 42 U.S.C.1983 against the former Governor and Attorney General of the State of Utah. Appellants would have us hold these state officers personally liable for monetary damages for signing and enforcing, respectively, a law which was later declared unconstitutional. (Utah Code Ann. 78-12-36 (1987)). We will uphold a dismissal as legally frivolous "if plaintiff cannot make a rational argument on the law and facts in support of his claim." LaFevers v. Saffle, 936 F.2d 1117, 1118 (10th Cir.1991).
 
 
 3
 It is not clear from the Appellants' original amended complaint that they were attempting to sue the Defendants in both their official and personal capacities. However, since they are appearing pro se, we will construe their pleadings liberally and give them the benefit of the doubt. Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988). This does not affect the outcome of the case. The Appellants correctly point out that state officers can be subject to personal liability under 1983 for acts taken under color of state law. Hafer v. Melo, 502 U.S. 21 (1991). In all likelihood, the Attorney General and Governor are entitled to absolute immunity on these facts. See Butz v. Economou, 438 U.S. 478 (1978) (prosecutors entitled to absolute immunity); see also Eastland v. United States Servicemen's Fund, 421 U.S. 491 (1975) (legislators entitled to absolute immunity for legislative functions). Even if we assume that the Defendants were performing a discretionary rather than ministerial function in signing and enforcing a law, it is unmistakably clear that the Defendants are entitled to qualified immunity because their conduct was objectively legally reasonable. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Davis v. Sherer, 468 U.S. 183 (1984); Anderson v. Creighton, 483 U.S. 635 (1987). The Appellants have not even come close to carrying their burden of convincing the court that the Defendants violated a clearly established constitutional right of which a reasonable person would have known. Hilliard v. City and County of Denver, 930 F.2d 1516 (10th Cir.1991). We think that the Governor and Attorney General are entitled to sign and enforce a facially valid law without fear of personal liability.
 
 
 4
 The order of the district court dismissing these claims is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470