**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KAMAL K. PATEL,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
BUREAU OF PRISONS; TOM (I)
WOOTEN, Ex-Warden, FCI Florence;
LOU ROCKVAN, Food Service
Administrator; JENNY ROPER, Ex-
Food Service Administrator; FNU
BELL, Assistant Food Service
Administrator; FNU FISHMAN, Food
Service Employee; GIL LYDE, Unit
Manager; FNU PELTIER, Counselor;
KEN LINCOLN, Counselor; FNU
McNAMARA, Food Service
Employee; N. WAYNE SMITH,
Associate Warden and One John Doe,
Food Service Employees; J. ARMIJO,

      Defendants-Appellees.

No. 97-1083
(D.C. No. 96-M-286)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,** District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, a federal inmate appearing pro se, appeals from the district court's grant of summary judgment to defendants in his action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff, a Hindu, was incarcerated at the Federal Correctional Institution, Florence, Colorado (FCI Florence) from March 25, 1993 until January 26, 1997. He maintains that as a Hindu, he may not eat meat or foods prepared with utensils that have been contaminated by meat. He participated in the prison's "common fare" religious diet program from September 9, 1994 until January 15, 1995, in an attempt to receive food satisfying his religious restrictions. For the rest of his time at FCI Florence, plaintiff took food off the main cafeteria line. In his complaint, he asserted that defendants denied him food conforming to his religious beliefs while he was housed at FCI Florence, in contrast to their practice

---

** The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

of accommodating the dietary needs of Jewish and Muslim inmates, and in violation of the United States Constitution, the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to 2000bb-4, and their own regulations. He also alleged that defendants seized his copy of the Bhagvad Gita, the Hindu equivalent of the Christian Bible, in violation of his constitutional rights. He sought damages and declaratory and injunctive relief. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. They asserted, among other defenses, their entitlement to qualified immunity on plaintiff's claims concerning his diet. They denied that any of them had seized plaintiff's holy book, and argued that plaintiff had not exhausted his administrative remedies on his claim that his holy book was unlawfully seized.

The magistrate judge recommended that defendants' motion be granted in part and denied in part.[1] The district court reviewed the case de novo and granted

---

[1] Plaintiff requested that his claims for injunctive relief regarding the alleged seizure of his Bhagvad Gita and his claims for damages against defendants in their official capacities be dismissed; the magistrate judge therefore included these requests in his recommendations. The magistrate judge further recommended that summary judgment be granted in favor of defendant Smith, as plaintiff had not shown that Smith personally participated in the claims related to his diet. The magistrate judge also recommended that summary judgment be granted in favor of the United States and the Bureau of Prisons on the basis of their sovereign immunity. Plaintiff has waived any arguments to these adverse recommendations because he did not object to the magistrate judge's findings and recommendation. See Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992). They are also supported by the record and the law.

the motion in it entirety. It held that plaintiff's claims for injunctive relief were moot because plaintiff had been transferred away from FCI Florence. It held, further, that plaintiff did not have a clearly established constitutional right to a diet conforming to his religious beliefs, and that defendants were entitled to qualified immunity on plaintiff's claims related to his diet as a result. The court held that plaintiff had not shown that defendants acted with the intention to deprive him of his holy book, and that his claims that it was unlawfully seized were therefore inadequate. The court also held that plaintiff had failed to exhaust his administrative remedies on claims related to his book.

On appeal, plaintiff argues that the district court erred: (1) in dismissing his claims that defendants failed to provide him with a diet conforming to his religious practice in violation of the First, Fifth, and Eighth Amendments, the Religious Freedom Restoration Act, and their own regulations; (2) in dismissing his claim that some of the defendants seized his Bhagvad Gita in violation of the First Amendment; and (3) in holding that defendants were entitled to qualified immunity.

We note at the outset that the district court correctly dismissed plaintiff's claims for injunctive relief. Plaintiff's claims for declaratory relief are likewise moot. He has been transferred away from FCI Florence and there is no indication

that he will be transferred back.  Only plaintiff's claims for money damages remain.

In addition, the Supreme Court has recently held the Religious Freedom Restoration Act unconstitutional.  See City of Boerne v. Flores, 117 S. Ct. 2157, 2172 (1997).  We therefore need not consider the merits of plaintiff's RFRA claim.

We review the grant of summary judgment de novo, applying the same standard as that applied by the district court.  See Clemmons v. Bohannon, 956 F.2d 1523, 1525 (10th Cir. 1992).  "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Id. (quoting Fed. R. Civ. P. 56(c)).

We also review de novo defendants' claim that they are entitled to qualified immunity.  See Davis v. Gracey, 111 F.3d 1472, 1478 (10th Cir. 1997).  Qualified immunity is analyzed in two steps:  first, we determine whether plaintiff has alleged the violation of a constitutional right, "and then we decide whether that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated the right."  Id. (quoting

Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996) (citing Siegert v. Gilley, 500 U.S. 226, 231 (1991))).

Plaintiff adequately alleged that defendants failed to accommodate his religious dietary needs in violation of the First and Fifth Amendments. Thus, the first part of the qualified immunity inquiry is satisfied. As for the second step, it was established in this circuit in 1991 that prisoners have a constitutional right to a diet conforming to sincerely held religious beliefs, unless the regulation denying that accommodation "is reasonably related to legitimate penological interests." LaFevers v. Saffle, 936 F.2d 1117, 1119 (10th Cir. 1991) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Because plaintiff's complaint relates to events that are alleged to have occurred in 1993 or later, defendants are not entitled to qualified immunity on the claims related to his diet.

Plaintiff must demonstrate, however, that each remaining defendant personally participated in the alleged deprivation of his constitutional rights. See Kaul v. Stephan, 83 F.3d 1208, 1213 & n.3 (10th Cir. 1996) (§ 1983 case). Evidence in the record shows that defendants Wooten, Bell, Rockvam,[2] and Roper knew that plaintiff requested meat substitutes for religious reasons. See R. doc. 41, ex. 16, 20; doc. 52, PE 5, 7. Plaintiff has therefore established a

---

[2]    The government informs the court that plaintiff erred, and that this defendant's name is "Rockvam."

genuine issue of material fact as to these defendants, and his First Amendment claim must be remanded. There is no evidence to show that defendants Fishman, Lyde, Peltier, Lincoln, McNamara, Armijo, or One John Doe knew about plaintiff's religious beliefs as they related to his diet, however. These defendants are therefore entitled to summary judgment on all of plaintiff's claims related to his diet.

Plaintiff's equal protection claim must also be remanded for further proceedings. Cf. LaFevers, 936 F.2d at 1120 (remanding state inmate's equal protection claim for determination whether his religious dietary requirements were sincerely held). Plaintiff has pointed out that defendants' regulation for the "common fare" religious diet program purports to accommodate religious dietary needs. See R. doc. 41, ex. 3. He alleges in his affidavit, however, that he has observed that Muslim inmates are provided a pork substitute, while Hindu inmates are not afforded a meat substitute. See id. doc. 52, PE 2 at 1-2. Defendants have asserted no reason, at this point, that would justify treating Muslims and Hindus differently with respect to diet substitutions. Plaintiff has sufficiently supported his equal protection claim at this juncture. Cf. Abbott v. McCotter, 13 F.3d 1439, 1441 (10th Cir. 1994) (affirming dismissal of prisoner's conclusory allegations that failed to describe different treatment of classes of inmates).

Plaintiff's Eighth Amendment claim was properly dismissed. Plaintiff alleged that during a three-week lockdown in late 1995, he was frequently given two meat sandwiches in his brown bag meal instead of one meat and one meatless sandwich, and was subjected to "severe hunger." Appellant's Opening Br. at 4. The relevant exhibit shows that two meat sandwiches were served only on Fridays, however, and indicates that there was food in each Friday's brown bag meal other than the meat sandwiches. See R. doc. 52, PE 11. This showing is insufficient to demonstrate cruel and unusual punishment. Cf. LaFevers, 936 F.2d at 1120 (holding prisoner given three meals each day does not state Eighth Amendment claim).

Defendants are entitled to summary judgment on plaintiff's claims that his Bhagvad Gita was unlawfully seized during the lockdown. Although his claim for money damages for the alleged unlawful seizure does not require exhaustion of administrative remedies, see McCarthy v. Madigan, 503 U.S. 140, 149 (1992), plaintiff's evidence (as opposed to his allegations) fails to name which defendants participated in the alleged seizure. His evidence is therefore inadequate to establish the personal participation of any defendant in the alleged seizure of his book. See Kaul, 83 F.3d at 1213 & n.3.

The judgment of the United States District Court for the District of

Colorado is AFFIRMED in part and REVERSED in part and the case is

REMANDED for further proceedings consistent with the order and judgment.

The mandate shall issue forthwith.


Entered for the Court


J. Thomas Marten
District Judge