Jimmy SEARLES, Plaintiff,

v.

Durward A. VAN BEBBER,
et al., Defendants.

No. 96–3515–KHV.

United States District Court,
D. Kansas.

Jan. 7, 1998.

Jimmy Searles, Hutchinson, KS, pro se.

Hsing Kan Chiang, Office of Attorney General, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendants' Motion for Summary Judgment* (Doc. # 14) filed May 22, 1997. Plaintiff, an inmate at Hutchinson Correctional Facility (HCF), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated various constitutional rights in connection with his confinement. Specifically, plaintiff claims that defendants infringed his First Amendment right to exercise his religious beliefs by refusing to serve him Kosher meals. Plaintiff also alleges that defendants' policies denied him equal protection under the law.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a summary judgment motion, the court considers the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The existence of factual disputes is not an automatic preclusion to the grant of summary judgment. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### I. Facts

The following facts are undisputed or, if disputed, construed in the light most favorable to plaintiff:[1]

Plaintiff arrived at HCF on June 12, 1996. He had received a Kosher diet at the two correctional facilities where he had been incarcerated for nine months before arriving at HCF. On June 14, 1996, two days after he arrived at HCF, plaintiff requested a Kosher diet at that institution. Plaintiff was not on the Jewish call out list, so prison officials sent him a form "Request for Accommodation of Religious Practices" in accordance with policies and procedures of the Department of Corrections. *See* Internal Management Policy and Procedure 10–110 (IMPP 10–110). The form was designed for use by prisoners who had converted to a new religion, and the policy required such prisoners to demonstrate the sincerity of their new religious beliefs by attending and participating in religious activity for three months before special requests would be granted.

Plaintiff made further requests for a Kosher diet on June 18 and August 15, 1996. Those requests were denied because plaintiff had not shown the "sincerity" of his religious belief by participating in the Jewish call out. Plaintiff filed an internal grievance regarding the matter, but Warden Hannigan decided that no action was warranted. Plaintiff ap-

---

1. The facts appear in the *Martinez* Report (Doc. # 9) filed April 18, 1997.

pealed to the Secretary of Corrections. After an investigation, Deputy Secretary Risley concluded that because plaintiff had received a Kosher diet at the two previous correctional facilities, plaintiff should receive a Kosher diet at HCF. Pursuant to this decision, on October 21 or October 28, 1996, plaintiff began to receive a Kosher diet.

Plaintiff claims that the prison's failure to provide him a Kosher diet for approximately four months from June through October, 1996, violated his constitutional rights to free exercise of religion and equal protection. He asserts that he was not convert to Judaism at HCF and that IMPP 10–110 (with its three month waiting requirement) did not apply to him. Defendants disagree, arguing that plaintiff was listed as a Protestant upon arrival at HCF and that plaintiff's true religious beliefs were unclear. Defendants also argue that the denial of Kosher meals did not substantially burden plaintiff's religious observance.

In seeking summary judgment, defendants allege that as matter of law, plaintiff has not met his obligation of demonstrating that he has a sincerely held religious belief and that defendants substantially interfered with that belief.

## II. Free Exercise of Religion

■ A prison system may not substantially burden a prisoner's right of free exercise in the absence of a compelling state interest and must employ the least restrictive means necessary to further that interest. *Werner v. McCotter*, 49 F.3d 1476, 1479 (10th Cir.), *cert. denied*, 515 U.S. 1166, 115 S.Ct. 2625, 132 L.Ed.2d 866 (1995). To maintain religious freedom for a great diversity of faiths, not every religious practice can be absolutely protected, but only those governmental interests "of the highest order and those not otherwise served can overbalance legitimate claims to free exercise of religion." *Wisconsin v. Yoder*, 406 U.S. 205, 215, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).

■ In the absence of a compelling state interest, a prison system may not "substantially burden" a prisoner's right to free exercise and must employ the least restrictive means to further that interest. *Werner*, 49 F.3d at 1479. To establish a prima facie showing on a free exercise claim, plaintiff must demonstrate (1) that a governmental action burdens a religious belief rather that a philosophy or way of life, and (2) that the burdened belief is sincerely held. *Id.* at 1479 n. 1. For a governmental action to be a "substantial burden" on religion it must "significantly inhibit or constrain conduct or expression that manifests some central tenet of a prisoner's individual beliefs"; must "meaningfully curtail a prisoner's ability to express adherence to his or her faith"; or must "deny a prisoner reasonable opportunities to engage in those activities that are fundamental" to the prisoner's religion. *Id.* at 1480. Plaintiff bears the burden of proving that the governmental action is a substantial burden on the free exercise of religion. If he meets this threshold showing, the burden shifts to the government to demonstrate that the challenged action furthers a compelling state interest in the least restrictive manner. *Id.* at 1480 n. 2.

■ The Tenth Circuit Court of Appeals has recognized that dietary restrictions based on religious beliefs are constitutionally protected. *LaFevers v. Saffle*, 936 F.2d 1117, 1119 (10th Cir.1991). By their motion for summary judgment, defendants attack the sincerity of plaintiff's belief in the Jewish faith and its concomitant dietary restrictions.[2] Defendants maintain that other than requesting a Kosher diet, plaintiff did not exhibit any interest in the practice of Judaism.

If plaintiff's beliefs are not sincerely held, he fails to prove his prima facie case. Plaintiff, however, has presented evidence that he participated in the Jewish faith. He participated in the Jewish call out at his previous correctional facility and attended the Jewish

---

2. Defendants do not deny that adherence to a Kosher diet is a central tenet of Orthodox Judaism or insist that a Kosher diet is merely a philosophy or way of life. Defendants do not dispute the fact that they denied plaintiff Kosher meals from June through October, or argue that their conduct imposed only an insubstantial burden on the exercise of plaintiff's religious belief. Nor do they argue that denying plaintiff a Kosher diet furthered any compelling state interest.

call out at least once at HCF. He received Kosher meals at the facilities where he had been previously incarcerated. Viewed in the light most favorable to plaintiff, this evidence raises a genuine issue of material fact which defeats defendants' motion for summary judgment on this issue.

## III. Equal Protection

Even though the Court construes pro se pleadings liberally, plaintiff must present factual support for his allegations if he is to withstand defendants' motion for summary judgment. Plaintiff has failed to produce any evidence to bolster his equal protection claim, however, and the Court finds that summary judgment on this issue is appropriate.

## IV. Immunity

■■■ Defendants assert that they are immune from suit under the Eleventh Amendment. Eleventh Amendment immunity bars suit against the State of Kansas and its agencies or departments. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the state official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A suit against the official's office is barred by Eleventh Amendment immunity.

The complaint in this case is not clear, but plaintiff appears to sue defendants in their official capacities. If this is plaintiff's intent, the Eleventh Amendment may bar his claims. Giving plaintiff the benefit of the favorable inference that he sues in defendants' individual capacities, however, the summary judgment motion must be overruled.

■■■ Defendants also claim that they are entitled to qualified immunity, which shields them from liability unless they violated clearly established constitutional or statutory norms. *Anderson v. Creighton,* 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Defendants are entitled to qualified immunity if their conduct was objectively reasonable in the light of clearly established law and the information which the possessed at the time of the alleged violation. *Martin v. Board of County Comm'rs,* 909 F.2d 402, 405 (10th Cir.1990). The Tenth Circuit has set forth the proper analysis when the qualified immunity defense is raised on a motion for summary judgment:

> Once the defense has been raised and the plaintiffs have met their burden of identifying both the clearly established law that the government official is alleged to have violated and the conduct that violated that law, the defendant must demonstrate that no material issues of fact remain as to whether his or her actions were objectively reasonable in the light of the law and the information he or she possessed at the time. A defendant who makes such a showing of objective reasonableness is entitled to summary judgment unless the plaintiff can demonstrate that there are factual disputes relevant o the defendant's claim to immunity.

*Id.*

■■■ It is well established that prisoners retain constitutional rights while incarcerated. *Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The first question in this case is whether plaintiff's First Amendment right to Kosher meals was clearly established at the time of the alleged violation. The Tenth Circuit affirmatively resolved this issue in 1991, when it held in *LaFevers* that an individual's belief in religious dietary practices warrants constitutional protection, regardless whether the religion requires the special diet. *LaFevers,* 936 F.2d at 1119.

The second question is whether defendants' conduct was objectively reasonable in the light of the law and the information they possessed at the time, or whether genuine issues of fact prevent the Court from making such a decision on this record. *Elbrader v. Blevins,* 757 F.Supp. 1174, 1181 (D.Kan. 1991). Viewing the evidence in the light most favorable to plaintiff, a rational factfinder could find that defendants' conduct was not objectively reasonable.

A central dispute in this case is whether defendants knew or should have known that

they were infringing plaintiff's right to exercise his sincerely held religious belief. Defendants contend that plaintiff was listed as a Protestant upon arrival at HCF and that his true religious beliefs were unclear. Plaintiff maintains that he had been a practicing Jew for months before arriving at HCF, and that his desire for Kosher meals emanated from a sincerely held religious belief. While defendants deny that plaintiff had a sincere religious belief, a jury could reasonably find otherwise. Summary judgment is therefore inappropriate.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (Doc. # 14) filed May 22, 1997, be and is hereby is sustained with respect to plaintiff's equal protection claim, and otherwise overruled.