FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC WATKINS,

      Plaintiff-Appellant,

v.

LIEUTENANT ROGERS,

      Defendant-Appellee.

No. 13-6040

(D.C. 5:12-CV-00298-C)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Eric Watkins, a former federal prisoner, appeals pro se from the district

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's dismissal of his civil rights action filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Watkins alleged that Lieutenant Rogers violated his constitutional rights while Watkins was a federal prisoner in Oklahoma. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal of Watkins's complaint.

## I

On September 4, 2009, Eric Watkins was placed in transit from Beaumont Federal Correctional Complex Medium to Oklahoma Federal Transfer Center (OFTC). When he arrived at the OFTC, Watkins requested a religious diet, indicating in his inmate intake documents that he was a common fare religious dietary recipient of the Bureau of Prisons. At dinner, Watkins was told by serving staff that he would not receive his requested religious dietary meals until noon the next day. Watkins then requested the alternative vegetarian dietary meal, but the serving staff denied his request because Watkins was "not on the list" for that meal. R., Vol. 1 at 10. The lieutenant who was on duty, however, ordered that Watkins be served a vegetarian meal and confirmed that Watkins would begin to receive his religious dietary meals beginning at noon the next day.

The next day, September 5, 2009, Watkins was served a vegetarian meal for breakfast. Watkins was again served a vegetarian meal for lunch. The serving correctional officer told Watkins that he would begin to receive common fare

religious dietary meals starting at dinner that day. At dinner, Watkins was served a regular general population dietary meal which he refused, and Watkins requested to speak to a lieutenant. Lieutenant Rogers, with whom Watkins described as having had "a history of not getting along," arrived on the scene. Id. at 12. Lieutenant Rogers refused to serve Watkins a common fare dietary religious meal and refused Watkins's request for an alternative vegetarian meal. Instead, Lieutenant Rogers told Watkins that he must eat the regular general population meal that was given to him. Due to his religious beliefs, Watkins ate nothing at dinner on September 5.

Watkins brought a Bivens action against Lieutenant Rogers in his individual capacity, arguing that Lieutenant Rogers willfully and intentionally violated his First, Fifth, and Eighth Amendment rights. In his complaint, Watkins alleged that Lieutenant Rogers discriminated against him and denied him the right to practice his religious dietary beliefs. Watkins claimed that other similarly-situated inmates, some who had arrived at the OFTC at the same time that Watkins did, were served common fare dietary religious meals. Watkins sought damages in the amount of $50,000 from Lieutenant Rogers.

The case was referred to a magistrate judge, who, pursuant to the court's screening function for in forma pauperis (ifp) cases under 28 U.S.C. §

3

1915(e)(2)(B)(ii),[1] recommended that the action be dismissed sua sponte for failure to state a claim upon which relief may be granted. Watkins filed an objection to the magistrate judge's recommendation. On December 20, 2012, the district court adopted the magistrate judge's order and dismissed Watkins's complaint without prejudice. Watkins appeals the district court's dismissal, arguing that Lieutenant Rogers violated his First and Eighth Amendment rights when Lieutenant Rogers deprived him of a religious meal. The district court also denied Watkins's request to proceed ifp, and Watkins filed a motion with this court to proceed ifp.

## II

We review the district court's dismissal of Watkins's complaint de novo, applying "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Watkins proceeds pro se, we liberally construe his filings but "we do not 'assume the role of advocate.'" Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187-88 (10th Cir. 2003)).

Watkins alleges that Lieutenant Rogers violated his First Amendment right to practice his religious belief in prison and his Eighth Amendment right not to be subject to cruel and unusual punishment.[2] "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In order to state a claim that Lieutenant Rogers violated his First Amendment right to free exercise of religion, Watkins must demonstrate that Lieutenant Rogers "'substantially burdened [his] sincerely-held religious beliefs.'" Kay, 500 F.3d at 1218 (quoting Boles v. Neet, 486 F.3d 1177, 1182 (10th Cir. 2007)). This court has recognized that "an inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs." Gallagher v. Shelton,

---

[2] Although Watkins alleged in his complaint that Lieutenant Rogers violated his Fifth Amendment rights, Watkins does not make this claim in his appellate brief before this court. Consequently, we deem his Fifth Amendment claim waived on appeal. See, e.g., United States v. Pablo, 696 F.3d 1280, 1299 n.21 (10th Cir. 2012) (declining to address arguments not properly raised in the appellant's opening brief); Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[S]ome issues raised below are not mentioned in the opening brief, much less argued, and are therefore abandoned.").

587 F.3d 1063, 1070 (10th Cir. 2009) (citing <u>Beerheide v. Suthers</u>, 286 F.3d 1179, 1185 (10th Cir. 2002)). However, isolated, negligent violations are insufficient to support a constitutional violation. <u>Id.</u> (holding that plaintiff failed to state a claim upon which relief can be granted when plaintiff "alleged a single violation of his kosher diet, not a prison policy").

Here, Watkins alleges a single, isolated incident where he was not provided a meal that complied with his religious dietary requirements. Taking Watkins's allegations as true, Lieutenant Rogers's involvement in this incident was that he refused to provide Watkins with an alternative vegetarian dinner. Watkins does not allege that Lieutenant Rogers was responsible for the failure of OFTC to provide Watkins with religious dietary meals, nor does he allege that Lieutenant Rogers instituted a policy of denying inmates their requested religious dietary meals. We conclude that Watkins's complaint was not sufficient to demonstrate a First Amendment violation.

Regarding Watkins's Eighth Amendment claim, the Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). As we held in <u>LaFevers v. Saffle</u>, 936 F.2d 1117 (10th Cir. 1991), "the mere denial of a requested [religious] diet is insufficient to establish a cognizable Eighth Amendment claim." <u>Id.</u> at 1120 (quotation omitted). <u>See also</u>

6

McEachin v. McGuinnis, 357 F.3d 197, 199 (2d Cir. 2004) (holding that the inmate's Eighth Amendment rights were not violated when he was subjected to a week-long restricted diet that violated his religious beliefs).  We conclude that a single violation of Watkins's religious diet is not sufficient to demonstrate an Eighth Amendment violation.

### III

Accordingly, we AFFIRM the district court's dismissal of Watkins's complaint.  Watkins's motion to proceed ifp is DENIED, and he is to pay the full amount of the filing fees immediately.


Entered for the Court


Mary Beck Briscoe
Chief Judge