**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided September 17, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1279

| | |
|---|---|
| SHAWN RILEY, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the |
| | Western District of Wisconsin. |
| *v.* | No. 15-cv-592-jdp |
| DAVID EWING, | James D. Peterson, |
| *Defendant-Appellee*. | *Chief Judge*. |

### O R D E R

Shawn Riley, a Muslim inmate at the Wisconsin Secure Program Facility who wanted to fast during Ramadan, asked Chaplain David Ewing to sign him up for the Ramadan meal plan, but the sign-up deadline, which Riley knew existed, had already passed. Ewing denied the late request, and Riley struggled to fast on his own. He then sued Ewing for violating his First Amendment right to freely exercise his religion and his statutory right to be free from substantial burdens on his religious practice. *See*

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

42 U.S.C. §§ 2000cc–2000cc-5. He also raised an Eighth Amendment claim, alleging that Ewing was deliberately indifferent to the physical harm from his self-orchestrated fast. The district judge entered summary judgment for the chaplain, concluding that qualified immunity barred Riley's First Amendment claim and that no reasonable jury could find in Riley's favor on the others. We affirm the judgment.

We recite the undisputed facts in the light most favorable to Riley, the party opposing summary judgment. *See Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017). Riley wished to participate in the traditional sunup to sundown fast during the month of Ramadan. The prison provides the roughly 75 inmates who fast during Ramadan with daily bags of food to be eaten during nonfasting hours. Those meals are different from regularly timed ones because they do not need to be refrigerated overnight or heated.

The Department of Corrections must plan for Ramadan well in advance. Food for the bagged meals can take several weeks to arrive after it is ordered and several more weeks to prepare. The Department thus requires inmates to request this accommodation at least 60 days before the fast begins. That policy is available in the prison's library. The prison makes exceptions for inmates who enter the prison after the deadline—usually about three each year.

Riley knew that there was a sign-up deadline and had signed up successfully in past years, but he was too late in 2015. Because the Islamic calendar is lunar, each year Ramadan starts approximately 10 to 12 days earlier than it did the year before. The fast in 2015 began on June 18, so the deadline to sign up for accommodations was April 19. Riley, however, did not ask about the deadline date or try to sign up until May 12. Chaplain Ewing denied his request as untimely. Riley tried to fast without the meal bags, but he suffered headaches, dizziness, and weight loss, so he broke his fast many times with food that he purchased from the canteen.

Riley sued Ewing under 42 U.S.C. § 1983, alleging violations of his rights under the First and Eighth Amendments, as well as the Religious Land Use and Institutionalized Persons Act, *id*. §§ 2000cc–2000cc-5. Under the First Amendment's free-exercise clause, burdens on inmates' religious practices must be reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Ewing sought summary judgment on this claim on qualified-immunity grounds. Qualified immunity shields government officials from suits for damages if they did not violate a clearly established federal right. *See City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Kemp*, 877 F.3d at 350.

Riley responded that the chaplain was not entitled to qualified immunity because our decision in *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005), clearly established that his conduct violated the First Amendment. In *Conyers* an inmate who did not know that there was a sign-up deadline for Ramadan meals asked for them after the deadline had passed. *Id.* at 582–83. We ruled that the prison officials who summarily denied the inmate's request were not entitled to summary judgment on the plaintiff's free-exercise claim. *Id.* at 585–86.

The judge distinguished Riley's case from *Conyers* on four grounds. First, unlike the inmate in *Conyers*, Riley knew that there was a sign-up deadline. Second, Ewing produced evidence justifying the deadline as reasonably related to legitimate prison-management interests; the prison officials in *Conyers* had not. Third, Ewing attested that the prison would have difficulty granting exceptions for all inmates who missed the deadline. And fourth, nothing in *Conyers* established that a prison chaplain was obligated to notify inmates of the Ramadan sign-up deadline or to make exceptions for late requests. Thus, the judge concluded,

> Riley has cited no clearly established law stating that the prison chaplain is required by the free exercise clause to take affirmative steps to provide notice of a signup deadline for religious observances to inmates who are aware from previous years that there is a deadline and have means to determine the deadline themselves.

The judge entered summary judgment for Ewing on Riley's Eighth Amendment claim as well, ruling that the evidence was insufficient to support a finding of deliberate indifference. And the statutory claim failed because the Religious Land Use and Institutionalized Persons Act does not authorize claims for damages.

On appeal Riley primarily challenges the judge's qualified-immunity ruling. To overcome the shield of qualified immunity, Riley needed to present evidence from which a jury could find that Ewing violated a clearly established federal right "defined with specificity." *City of Escondido*, 139 S. Ct. at 503. "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). Riley argues that *Conyers* clearly established that inmates who did not receive notice of the sign-up deadline for Ramadan meals and submitted an untimely request are nevertheless entitled to the special religious diet. We review questions of qualified immunity de novo. *See Campbell v. Kallas*, No. 18-2075, 2019 WL 3886912, at *7 (7th Cir. Aug. 19, 2019).

*Conyers* does not clearly establish that Ewing violated Riley's free-exercise rights. Unlike the plaintiff in *Conyers*, Riley knew that there was a deadline to sign up for Ramadan meals. *See* 416 F.3d at 586. He could have asked about the deadline earlier, and *Conyers* does not establish that the chaplain was obligated to notify him when Ramadan was approaching. And unlike the defendants in *Conyers*, Ewing presented evidence that the logistical challenges associated with ordering, receiving, and preparing enough Ramadan meals justified limiting the exceptions to those who entered the prison after the sign-up deadline. Moreover, *Conyers* does not suggest that Ewing, as chaplain, would be liable for declining to accommodate Riley after he failed to adhere to the sign-up policy. *See Turner*, 482 U.S. at 90–91.

Riley directs us to a district-court decision that he says supports his position, but district courts cannot clearly establish a federal right. *See Mason-Funk v. City of Neenah*, 895 F.3d 504, 509 (7th Cir. 2018). Because Ewing did not violate a clearly established federal right, qualified immunity bars this claim. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Riley's arguments for reversal on his other claims also lack merit. Damages are not available under the Religious Land Use and Institutionalized Persons Act. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013). And any claim for injunctive relief is moot because the Department has changed its policy for notifying inmates of the Ramadan sign-up deadline and Riley does not contend that he since has had any trouble fasting. *See Vinning-El*, 657 F.3d at 592.

Finally, no reasonable juror could find for Riley on his deliberate-indifference claim. The Eighth Amendment prohibits prison officials from knowingly disregarding substantial risks of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994); *Estate of Miller v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Assuming that Riley's symptoms from voluntarily undereating—headaches, dizziness, and weight loss— amount to an objectively serious harm, Riley cannot establish that the chaplain recklessly deprived him of adequate nutrition or knew of his condition. *See Williams v. Shah*, 927 F.3d 476, 481 (7th Cir. 2019); *McEachin v. McGuinnis*, 357 F.3d 197, 198–201 (2d Cir. 2004); *LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991).

AFFIRMED